UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURA NICOLE IRVING,

    Plaintiff,

    v.

UNION SECURITY INSURANCE COMPANY, *et al.*,

    Defendants.

No. C12-0584RSL

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

    This matter comes before the Court on Union Security Insurance Company's "Motion for Summary Judgment Regarding ERISA Preemption." Dkt. # 19. The issue before the Court is whether the group long-term disability policy negotiated and obtained by the Everett Policy Officers Association ("EPOA") is a "governmental plan" under 29 U.S.C. § 1002(32). If it is, the plan is exempt from certain provisions of ERISA, and plaintiff may pursue her state law claims. If it is not a "governmental plan," ERISA applies and preempts plaintiff's state law claims.

    A "governmental plan" is defined as "a plan established or maintained for its employees by" a governmental entity. Plaintiff does not dispute that the EPOA is not a governmental entity, that it negotiated and applied for the group long-term disability policy, that individual officers pay the premiums, and that the EPOA handles the

ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1

paperwork related to enrollment and payment of the premiums.  Nevertheless, she argues that the plan was established by the City of Everett, rather than the EPOA, because the collective bargaining agreement that was in effect at the time plaintiff became disabled provided that the City would "sponsor and administer a disability insurance program through Standard Insurance Company" for the benefit of its officers and their dependents. Opposition (Dkt. # 23) at 4.[1]

There is evidence that, as of June 1, 1995, a long-term disability insurance policy issued by Standard Insurance Company may have been available to officers in plaintiff's position.  Plaintiff has not, however, provided any evidence from which one could infer that she, in fact, qualified for coverage under that policy:  she makes no attempt to show that the EPOA participated in the Washington State Council of LEOFF II Personnel Insurance Trust or that it elected to provide insurance under the Standard Insurance Company policy.  See Decl. of Elizabeth Lepley (Dkt. # 24), Ex. 6 at 1.  Even if plaintiff were insured under that policy, there is no evidence to support her supposition that the City of Everett "established or maintained" the policy "[i]n accordance with the collective bargaining agreement."  29 U.S.C. § 1002(32); Opposition (Dkt. # 23) at 5. The mere fact that the City promised to sponsor and administer a disability policy in a collective bargaining agreement raises only a very weak inference that it actually did so, especially where the policy is silent as to the City's involvement.

More importantly, plaintiff has not sued for benefits owed under the Standard Insurance Company policy.  The policy under which benefits are sought was issued by Fortis Insurance Company (the predecessor of defendant Union Security Insurance Company) on April 1, 1994.  The only relevant evidence shows that the EPOA negotiated, established, and maintains the Fortis/Union Security policy.  Plaintiff has not provided any evidence to dispute those facts.  Even if the Court assumes that the City promised to "sponsor and administer" a disability policy through a different insurer as set

---

[1] For purposes of this motion, the Court has considered all of the evidence submitted.

1  forth in the collective bargaining agreement, such a promise tells us nothing about
2  whether the City established the Fortis/Union Security policy at issue here.  Plaintiff has
3  therefore failed to raise a material issue that would preclude summary judgment.

5        For all of the foregoing reasons, Union Security's motion for partial
6  summary judgment is GRANTED.  This action is governed by ERISA, which preempts
7  plaintiff's state law causes of action.  Plaintiff's breach of contract, Consumer Protection
8  Act, Insurance Fair Conduct Act, bad faith, and emotional distress claims are hereby
9  DISMISSED.

11       Dated this 27th day of August, 2013.

                                            Robert S. Lasnik
                                            United States District Judge